**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **NORMALINDA CONTRERAS,** | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | |
| | § | **M – 25 – 541** |
| **CITY OF MCALLEN, et al.,** | § | |
| **Defendants.** | § | |

# CITY DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants **CITY OF McALLEN, TEXAS, VICTOR RODRIGUEZ IN HIS OFFICIAL CAPACITY, ARTURO PEREZ, ENRIQUE CASTRO, ROGELIO DELGADO, ALDO RODRIGUEZ, OSBALDO PUENTE, JAVIER CAVAZOS** and **FRANCISCO ZAPATA** submit this Reply to Plaintiff's Response in Opposition to City Defendants' 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint.

## I.

## INITIAL STATEMENT

1.01 As a preliminary matter, Defendants' Rule 12(b)(6) Motion (Dkt No. 17) anticipated most of the arguments raised by Plaintiff in his Response to Defendants' Motion (Dkt No. 21) and already addressed most of those arguments. This Reply therefore addresses only certain additional matters raised in Plaintiff's Response.

## II.

## REPLY

2.01 Plaintiff alleges that the identity of the officer who applied a knee strike is within Defendants' knowledge and control. Dkt No. 21, ⁋ 10. As previously explained, however, Defendants deny that *any Officer* struck Contreras, or that she ever fell to the ground. Dkt No. 17, at 25. Plaintiff therefore has still not identified facts to establish how Defendants could have knowledge of information that they deny ever occurred.

2.02 Plaintiff also alleges she sought body-worn camera footage and related reports through public records requests, but those materials were not provided. Dkt No. 21, ⁋ 10. Again, she has not identified facts to establish any body camera recordings exist or were ever made or that she did not already receive all reports that involved the subject incident. To the contrary, the City of McAllen does not provide body cameras for their officers, so no such recordings exist, and Plaintiff already received the Incident Report relating to this claim, which is how she was able to identify the officers involved in the incident. She only complaints that such recordings and record *should* exist. She has not identified facts to establish that they in fact do exist.

2.03 Plaintiff contends that her State-Law claims under the Texas Tort Claims Act against the individual Defendant Officers are not barred because she elected to proceed only against the officers for those claims and not against the City, and she pleads those claims against the City. Dkt No. 21, ⁋ 57. Plaintiff misconstrues the provisions of the election of remedies statute. TEX. CIV. PRAC. & REM. CODE § 101.106.

2.04 All of Plaintiff's claims against the Officers arise out of the same nexus of operative facts. In short, she contends the officers entered the bus and took certain actions that violated her state and federal rights. Because all those actions were allegedly taken in the general scope of their employment, the state-law claims could have been brought against their employer, the City of McAllen. "Scope of employment" is defined as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.*, § 101.001(5). To wit, in order to establish the liability of the Officers under § 1983, she must allege and establish that they acted under color of law.

2.05 Key to the establishment of liability under § 1983 is the requirement of state action *under color of law*. Section 1983 only provides "a remedy for violations of federal rights committed by persons acting under color of state law." *Haywood v. Drown*, 556 U.S. 729, 129 S. Ct. 2108, 2111 (2009). "A finding of state action is a necessary prerequisite to a grant of relief pursuant to § 1983. *Save Our Cemeteries, Inc. v. Archdiocese of New Orleans, Inc.*, 568 F.2d 1074, 1077 (5th Cir. 1978); *Morgan v. Odem*, 552 F.2d 147, 148 (5th Cir. 1977). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255 (1988), *quoting United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031 (1941). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Ibid.*, 487 U.S. at 50, 108 S. Ct. at 2255.

2.06 Plaintiff does not contend that the Officers took any action while they were not in the scope of their employment, such as when they might have been at their residences or at a time when they were not working for the City. As previously explained,

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee *shall be dismissed* unless the Plaintiff files amended pleadings dismissing the employee and naming the governmental entity as Defendant on or before the 30th day after the date the motion is filed.

*Id.*, §101.106(f) (emphasis added). More than 30 days has now elapsed and Plaintiff did not file amended pleadings dismissing the Officers. Accordingly, the Act now requires that the state-law tort claims against the Officers "shall be dismissed." *Id.*

Defendants **CITY OF McALLEN, TEXAS, VICTOR RODRIGUEZ IN HIS OFFICIAL CAPACITY, ARTURO PEREZ, ENRIQUE CASTRO, ROGELIO DELGADO, ALDO RODRIGUEZ, OSBALDO PUENTE, JAVIER CAVAZOS** and **FRANCISCO ZAPATA** respectfully request that Plaintiff's claims against them be dismissed and that Defendants be granted such other and further relief to which they may show themselves to be justly entitled, whether general or special, at law and in equity.

Respectfully submitted,

*/ s / J. Arnold Aguilar*

J. Arnold Aguilar
Attorney-in-Charge
State Bar No. 00936270
S.D. Tex. ID No. 6822
arnold@aguilarzabartellc.com

AGUILAR ★ ZABARTE, LLC
Of Counsel
990 Marine Drive
Brownsville, Texas 78520
(956) 504-1100
(956) 504-1408 (fax)

Austin Stevenson
Of Counsel
astevenson@mcallen.net
State Bar No. 24085961
S.D. Tex. ID No. 3157070
Chad W. Tolar
Of Counsel
State Bar No. 24033394
S.D. Tex. ID No. 37424
CTolar@mcallen.net
**CITY OF MCALLEN**
1300 W. Houston Ave.
McAllen, Texas 78501

Attorneys for Defendants
**CITY OF McALLEN, TEXAS VICTOR RODRIGUEZ IN HIS OFFICIAL CAPACITY, ARTURO PEREZ, ENRIQUE CASTRO, ROGELIO DELGADO, ALDO RODRIGUEZ, OSBALDO PUENTE, JAVIER CAVAZOS** and **FRANCISCO ZAPATA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **CITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** will on this the 4th day of March, 2026, be automatically accomplished through the Notice of Electronic Filing upon the following:

Courtney A. Vincent
info@vincentlawpllc.com
VINCENT LAW, PLLC
1035 Dairy Ashford, Suite 145
Houston, TX 77079

Benjamin S. Campagna
ben@txattorneygroup.com
David A. Bleakney, Jr.
david@txattorenygroup.com
TX Attorney Group, PLLC

DORIS T. BOBADILLA
DBobadilla@gallowaylawfirm.com
ANDREW S. KRONE
AKrone@gallowaylawfirm.com
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Street, Suite 1400
Houston, Texas 77010

*/ s / J. Arnold Aguilar*
J. Arnold Aguilar