**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

**NORMALINDA CONTRERAS,**
**Plaintiff,**

**v.**

**CITY OF McALLEN et al.**
**Defendants.**

**CIVIL ACTION NO. 7:25-cv-00541**

**THE GREYHOUND DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (RULE 12(B)(6))**

## 1. INTRODUCTION

Plaintiff's opposition does not cure the First Amended Complaint's deficiencies. She doubles down on conclusory labels and assumptions, rather than factual allegations required by Rule 8 and *Twombly/Iqbal*. As relevant here, the FAC never alleges facts showing the Greyhound Defendants were aware, or had any reason to be aware, of an alleged disability at the time the bus operator acted, and the boarding pass that is integral to her Complaint shows an assigned Adult seat without any accessible designation.

## 2. OBJECTION TO PLAINTIFF'S NEW "EXHIBIT A"

Greyhound's Motion to Dismiss asked the Court to consider the boarding pass as an incorporated, integral document; that does not open the door to Plaintiff's unauthenticated, post-hoc handwritten annotation (R.Doc. 25-1) which is not referenced in the FAC.

Plaintiff was granted leave to submit a new "Exhibit A," which consists of a cover page with typed content and a boarding pass with handwriting. As explained, this submission should be disregarded.

The Court may consider the boarding pass itself, Defendants' Exhibit A, because Plaintiff's FAC repeatedly predicates her seat-entitlement theory on a "handicapped-accessible ticket," and the pass is a document incorporated by reference and integral to that theory. Our motion relied on that limited principle and submitted the boarding pass reflecting an Adult fare and standard seat with no accessible designation.

The new submission is different in kind: it is not referenced in the FAC and it contains unauthenticated hearsay. Beyond that the FAC does not incorporate it. That is, Plaintiff's First Amended Complaint does not even allege that this altered, annotated boarding pass existed or that she showed it to the operator/driver, police officers or to anyone else.

For these reasons, the Greyhound Defendants object to consideration of Plaintiff's Exhibit A. (R.Doc. 25-1.)

## 3. REPLY

The Greyhound Defendants will again take each of Plaintiff's claims in turn.

**Claim Ten – Negligence (Common Carrier / Respondeat Superior)**

The FAC contains no factual allegation that the Greyhound Defendants knew or had reason to know of Plaintiff's alleged disability when the operator addressed the Plaintiff. She does not allege that she told the driver she was disabled or that the driver observed visible indicators of a physical disability prior to calling police. Instead, the allegations that she was "visibly disabled" appears later in her pleading, during the police-directed removal and while descending the bus steps. The boarding pass that Plaintiff's theory depends on identifies an Adult fare and standard seat, with no accessible designation, undercutting her claim that she was entitled to the seat she sought to occupy.

Furthermore, the FAC specifically pleads that Sergeant Cavazos exercised command authority, ordered removal, and that the alleged injuries occurred during the police-directed removal. Those independent, discretionary decisions break the chain of causation.

**Claim Eleven – Negligence Per Se (ADA regulations / Texas Human Rights Code)**

Plaintiff pleads only the label that she is "permanently disabled;" she does not allege a specific impairment or how it substantially limited a major life activity at the time of the incident, which is required to plausibly plead a protected disability.

As explained in our motion, the accessibility statutes on which she relies are anti-discrimination frameworks, not safety statutes designed to prevent physical injury caused by third parties. *Strojnik v. Landry's Inc.*, No. 4:19-CV-01170, 2019 WL 7461681, at *6 (S.D. Tex. Dec. 9, 2019), report and recommendation adopted sub nom. *Strojnik v. Landry's*, No. 4:19-CV-1170, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020); *Evans v. Wright*, No. 6:14CV566, 2015 WL 5766862, at *8 (E.D. Tex. Sept. 29, 2015) ("Acts of negligence do not fall under the ambit of the ADA"); *see also Pena v. H.E. Butt Grocery Co.*, No. Civ. A. B-05-052, 2005 WL 2277500 *2 (S.D. Tex. Aug. 22, 2005) (a negligence cause of action and/or a claim for money damages is not available to remedy a defendant's noncompliance with the ADA).

**Claim Twelve – Direct and Gross Negligence**

Plaintiff's direct negligence theory asserts generic training failures without identifying any specific training deficiency tied to this operator or this encounter. Her gross negligence allegations do not plead facts showing an extreme degree of risk or actual awareness. The opposition again responds with only conclusions.

**Claim Thirteen – Wrongful Ejection by a Common Carrier**

Plaintiff acknowledges that Sergeant Cavazos ordered removal and that officers executed that order. Under controlling principles, a private party cannot be held liable for an ejection carried out by law enforcement where the officers—not the private party—controlled the timing and manner of removal. The FAC's own allegations confirm police command and control.

**Claim Fourteen – Breach of Contract**

The FAC does not identify any contractual provision or quoted policy guaranteeing a specific accessible seat that was breached. Rather, Plaintiff vaguely refers to "representations" and "published policies" without facts about what those representations were or who made them.

**Claim Fifteen – DTPA**

Plaintiff concedes she did not provide the mandatory 60-day pre-suit notice. Independently, she fails to allege facts showing that the Greyhound defendants engaged in false, misleading or deceptive acts that caused her damage. *Gallegos v. Quintero*, No. 13-16-00497-CV, 2018 WL 655539, at *3 (Tex. App. Feb. 1, 2018). Her claims of misrepresentation are conclusory.

**Claim Sixteen – IIED**

In response to Plaintiff's opposition: "If the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim **regardless** of whether he or she succeeds on, or even makes, a statutory claim." (Emphasis added.) *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004).

**Claim Seventeen – Defamation, Defamation Per Se, and False Report**

Claim Seventeen is barred by the one-year statute of limitations. Further, the FAC alleges the driver "knowingly made false and misleading statements" to police but pleads only conclusions.

**Claims Eighteen–Twenty – Disability-Based Statutory Claims (Texas Human Rights Code; Rehabilitation Act; Title III ADA)**

The FAC fails the threshold element for these claims because it does not plead a qualifying impairment or how it substantially limits a major life activity (a legal disability).

## 4. CONCLUSION

Greyhound Lines, Inc., Flix North America, Inc. and FlixBus, Inc. respectfully request that this Honorable Court grant their motion to dismiss all claims asserted by Plaintiff Normalinda Contreras against them in her First Amended Complaint with prejudice.

Respectfully submitted,

*/s/ Doris T. Bobadilla*

DORIS T. BOBADILLA
**Attorney-in-Charge**
Texas Bar No. 24075695
ANDREW S. KRONE
Federal ID No. 2590236
Texas Bar No. 24086872
**GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH**
1301 McKinney Street, Suite 1400
Houston, Texas 77010
Telephone: (713) 599-0700
Facsimile: (713) 599-0777
Email: DBobadilla@gallowaylawfirm.com
Email: AKrone@gallowaylawfirm.com
***Attorneys for Greyhound Lines, Inc., Flix North America, Inc. and Flix Bus, Inc.***

**NOTICE OF ELECTRONIC FILING**

I certify that I have electronically submitted for filing, a true and correct copy of the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, on the 6th day of March, 2026, using the CM/ECF System.

*/s/ Doris T. Bobadilla*
DORIS T. BOBADILLA