# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| **NORMALINDA CONTRERAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:25-CV-00541** |
| | § | |
| **CITY OF MCALLEN; CHIEF OF POLICE** | § | |
| **VICTOR RODRIGUEZ; SGT. JAVIER** | § | |
| **CAVAZOS; OFFICER PEREZ; OFFICER** | § | |
| **ZAPATA; OFFICER RODRIGUEZ;** | § | |
| **OFFICER O. PUENTE; OFFICER** | § | |
| **DELGADO; OFFICER CASTRO; FLIX** | § | |
| **NORTH AMERICA, INC.; FLIXBUS,** | § | |
| **INC.; and GREYHOUND LINES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants City of McAllen, Texas (the "City"), Flix North America, Inc. ("Flix North America"), FlixBus, Inc. ("FlixBus"), Greyhound Lines, Inc. ("Greyhound"), Officer Perez, Officer Castro, Officer Delgado, Officer Rodriguez, Officer Puente, Officer Zapata (collectively, the "Officer Defendants"), and Sergeant Cavazos's, (collectively, "Defendants") Motions to Dismiss Plaintiff Normalinda Contreras's Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 7, 8, 10, 12). For the following reasons, the Court **DENIES** the Defendants' Motions to Dismiss as moot.

On November 22, 2025, Contreras filed her Complaint asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, the Texas Tort Claims Act, the Texas Deceptive Trade Practices Act, and the Texas Human Rights Code,

as well as assault and battery, negligence, failure to provide medical care/failure to assist, breach of contract, wrongful ejection by a common carrier, intentional infliction of emotional distress, and defamation. (Dkt. No. 1). Contreras contends that she was aggressively ejected from a bus in McAllen, Texas, after allegedly purchasing a handicapped-accessible ticket to Houston, Texas. (*Id.* at 2–3). On January 7, 2026, the City filed a Motion to Dismiss the Complaint. (Dkt. No. 7). On January 13, 2026, Flix North America, Flixbus, and Greyhound filed a Motion to Dismiss the Complaint. (Dkt. No. 8). The Officer Defendants and Sergeant Cavazos also filed Motions to Dismiss the Complaint. (Dkt. Nos. 10, 12). Contreras then filed an amended Complaint.[1] (Dkt. No. 13).

In the Fifth Circuit, an amended complaint supersedes the original "unless the amended complaint incorporates the original by reference or explicitly adopts it." *Velazquez v. United States*, 835 F.App'x 733, 736 (5th Cir. 2020) (per curiam); *see also King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

Contreras's amended Complaint neither incorporates the original Complaint by reference nor explicitly adopts it. As a result, her original Complaint, (Dkt. No. 1), is "of

---

[1]    Contreras is entitled to amend her pleading once as a matter of course no later than 21 days after service of a motion under Federal Rule of Civil Procedure 12(b). *See* Fed. R. Civ. P. 15(a).

no legal effect." *King*, 31 F.3d at 346.  Accordingly, the Defendants' Motions to Dismiss,

(Dkt. Nos. 7, 8, 10, 12), are **DENIED** without prejudice[2] as moot.

It is SO ORDERED.

Signed on May 15, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

---

[2]    The Court acknowledges that some Defendants have filed new Motions to Dismiss, (Dkt. Nos. 16, 17), after Contreras filed her amended Complaint.  These Motions to Dismiss will be addressed by separate order of the Court.